IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DE'MARIO GRANT,

    Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO;
FINE ARTS MUSEUMS OF SAN FRANCISCO;
CORPORATION OF FINE ARTS MUSEUMS,
severally and as joint employers; HUGO GRAY;
CHARLES CASTILLO; and DOES 1 through 50,
inclusive,

    Defendants.

No. C 17-04869 WHA

**ORDER GRANTING
MOTION TO DISMISS**

## INTRODUCTION

In this employment action, defendant moves to dismiss plaintiff's claims. For the reasons discussed below, the motion is **GRANTED**.

## STATEMENT

The following facts are taken from the first amended complaint. In late 2010, the City and County of San Francisco hired plaintiff De'Mario Grant to work as a museum guard for Fine Arts Museums of San Francisco. At all relevant times Grant was an individual with physical disabilities, and in 2015, he submitted a request for intermittent leave under the Family Medical Leave Act and the California Family Rights Act. Grant now alleges numerous adverse employment actions as a result of this request (First Amd. Compl. ¶¶ 4, 20, 23, 26).

The complaint names as defendants the City, Fine Arts Museums of San Francisco, the Corporation of Fine Arts Museums ("Corporation"), as well as individual defendants. The parties agree the Fine Arts Museums and the Corporation are separate entities, but the complaint is unclear regarding their relationship to each other and to Grant. The complaint alleges that both the City and the Corporation have some degree of control over the terms and conditions of plaintiff's employment, and alleges adverse employment actions by Corporation employee Sabina Crevillo. She is also described as an executive assistant to defendant Charlie Castillo, the City's human resources director (First Amd. Compl. ¶ 24).*

**ANALYSIS**

The Corporation argues Grant has not sufficiently stated a claim against it. This order agrees for the following reasons.

**1.　MOTION TO DISMISS.**

Grant concedes the first amended complaint (1) fails to identify the Corporation as a party against whom *any* claim for relief is brought, (2) fails to list the Corporation as a party in the "Parties and Jurisdiction" section, and (3) fails to allege that the Corporation is an employer subject to the FMLA and CFRA. These omissions alone, the Corporation argues, are fatal to Grant's claims. Grant offers no argument why these omissions do not justify dismissal, only that they were made "inadvertently" (Opp. 2).

As an additional ground for dismissal, the Corporation argues it is not Grant's joint employer. Businesses may be considered joint employers under the FMLA where two or more businesses exercise some control over the work or working conditions of the employee. 29 C.F.R. § 825.106(a). Grant's allegation that "both the City and [the Corporation] have some degree of control over the terms and conditions of Plaintiff's employment," is a mere legal conclusion, and is deficient absent supporting factual allegations. Grant argues that Crevillo's actions support his allegation that the Corporation is his joint employer. The complaint is unclear, however, as to whether Crevillo's actions were performed in her capacity as an

---

\* Crevillo's name is spelled inconsistently throughout plaintiff's complaint and opposition. It appears as both "Sabina Crivello" and "Sabrina Crevillo." This order will spell her name as it first appears in the complaint.

2

1 employee of *the Corporation*, or as the executive assistant to *the City's human resources
2 director*.

3     This order concludes the first amended complaint fails to state a claim upon which relief
4 can be granted against the Corporation. Accordingly, the Corporation's motion to dismiss is
5 **GRANTED**.

6     **2. LEAVE TO AMEND.**

7     Grant requests leave amend his complaint and attaches a redlined version of a proposed
8 amended complaint. This order does not reach this request. Grant may file a separate motion
9 for leave to amend, to be heard on a normal 35-day track, as described below.

10     **CONCLUSION**

11     For the foregoing reasons, defendant's motion is **GRANTED**. Defendant's request for
12 judicial notice is not relied upon in this order and **DENIED AS MOOT**. Plaintiff may seek leave
13 to amend the complaint and will have until **MARCH 22, 2018**, to file a motion, noticed on the
14 normal 35-day track, for leave to file an amended complaint. The motion must include a
15 proposed amended complaint (and a redlined copy) and must clearly explain how the
16 amendments to the complaint cure the deficiencies identified herein. Plaintiff must plead
17 his best case.

19     **IT IS SO ORDERED.**

21 Dated: March 1, 2018.

                    WILLIAM ALSUP
22                     UNITED STATES DISTRICT JUDGE