IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DE'MARIO GRANT,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO; FINE ARTS MUSEUMS OF SAN FRANCISCO; CORPORATION OF FINE ARTS MUSEUMS, severally and as joint employers; HUGO GRAY; CHARLES CASTILLO; and DOES 1 through 50, inclusive,

Defendants.

No. C 17-04869 WHA

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

**INTRODUCTION**

In this employment action, plaintiff moves to amend the complaint. For the reasons discussed below, the motion is **GRANTED**.

**STATEMENT**

The following facts are taken from plaintiff's proposed second amended complaint. In late 2010, the City and County of San Francisco hired plaintiff De'Mario Grant to work as a museum guard for the Fine Arts Museums of San Francisco, a charitable trust department of the City. At all relevant times Grant was an individual with physical disabilities, and in 2015, he submitted a request for intermittent leave under the Family Medical Leave Act and the California Family Rights Act. Grant alleges numerous adverse employment actions as a result of this request.

Defendant Corporation of Fine Arts Museums is a non-profit organization whose sole purpose is to support the operation of the Fine Arts Museums. The Corporation manages most of the day-to-day operations of the museums, and is involved with the museum stores, employees, fund-raising, membership, education, and art handling.

A prior order dismissed plaintiff's claims against the Corporation on the grounds that plaintiff's first amended complaint failed to sufficiently plead that the Corporation was his employer. Additionally, the complaint (1) failed to identify the Corporation as a party against whom any claim for relief was brought, (2) failed to identify the Corporation as a party in the "Parties and Jurisdiction" section of the complaint, and (3) failed to allege that the Corporation was an employer subject to the FMLA and CFRA. Plaintiff now moves for leave to amend his complaint to correct these deficiencies (Dkt. Nos. 43, 46).

**ANALYSIS**

Rule 15(a)(2) advises, "The court should freely give leave when justice so requires." In ruling on motions for leave to amend, courts consider (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended their complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003). Futility alone can justify denying leave to amend. *Ibid.* The Corporation opposes the motion, arguing that amendment would be futile and unduly prejudicial, and that plaintiff has repeatedly failed to cure deficiencies in previous amendments.

1. **FUTILITY OF AMENDMENT.**

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. . . . [The] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rycoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Each of plaintiff's ten claims for relief can only be brought against his employer. 29 U.S.C. § 2615 (FMLA); Cal. Gov't Code § 12945.2 (CFRA); Cal. Gov't Code § 12940 (FEHA). It is uncontested that the City and the Fine Arts Museums are both plaintiff's employers. Plaintiff argues that the Corporation can also be held liable as his employer because the Corporation and the Fine Arts Museums were an "integrated enterprise." This order agrees, at least at the pleading stage.

Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the integrated employer test. Factors considered in determining whether two or more entities are an integrated employer include: (i) common management; (ii) interrelation between operations; (iii) centralized control of labor relations; and (iv) degree of common ownership/financial control. 29 C.F.R. § 825.104(c)(2); *see also Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998) (applying same test for FEHA). "Corporate entities are presumed to have separate existences, and the corporate form will be disregarded only when the ends of justice require this result." *Laird*, 68 Cal. App. 4th at 737. While courts apply the four factors in its totality, "centralized control of labor relations [is] the most important." *Ibid.*

Here, for purposes of determining if plaintiff's proposed amended complaint is subject to dismissal under Rule 12(b)(6), this order holds that plaintiff has alleged enough factual material to show that the Corporation and the Fine Arts Museums are an integrated enterprise.

*First*, plaintiff alleges there is common management between the entities. The approximately 52 "members" of the Corporation are comprised of trustees of the Fine Arts Museums. Certain departments have Fine Arts Museums employees supervising Corporation employees, and other departments have Corporation employees supervising Fine Arts Museums employees. The Corporation's director of facility operations requires all security supervisors and security managers — Fine Arts Museums employees — to attend a weekly meeting where she issues orders relating to work schedules, assignments, duties, and working conditions (Second Amd. Compl. ¶¶ 36, 47, 50).

*Second*, plaintiff alleges an interrelation of operations. The Corporation's *sole purpose* is to support the Fine Arts Museums. The Corporation fulfills this role by performing the Fine

3

Arts Museum's administrative operations over the museum stores, employees, fundraising, membership, education, and art handling. The two entities also share the same headquarters (*id.* ¶¶ 33–34, 40).

*Third*, plaintiff alleges a centralized control of labor relations. Both the Corporation and the Fine Arts Museums share the same human resources director, who is a City employee. Sabrina Crivello, a Corporation employee, processed FMLA/CFRA leave requests for both the Corporation and Fine Arts Museums employees (*id.* ¶¶ 40–42, 44).

In connection with this factor, the Corporation asks for judicial notice of a collective bargaining agreement between the City and SEIU Local 1021 (plaintiff's union), as well as a memorandum of understanding between the Corporation and SEIU Local 1021. Relying on *Child v. Local 18, Int'l Bhd. Of Elec. Workers*, 719 F.2d 1379, 1382 (9th Cir. 1983), the Corporation's theory is that the existence of these two distinct agreements forecloses the possibility that it is in an integrated enterprise with the Fine Arts Museums. *Child*, however, did not analyze the interrelation of operations, commonality of management, or commonality of ownership because those factors were not in dispute. Nor did *Child* hold that the existence of separate collective bargaining agreements was conclusive as to the question of integration. Because consideration of these agreements would not change the result reached in this order, the Corporation's request for judicial notice is **DENIED AS MOOT**.

*Fourth*, plaintiff alleges common ownership or financial control, as all of the approximately 52 "members" of the Corporation are also trustees of the Fine Arts Museums (Second Amd. Compl. ¶ 36).

The Corporation argues that plaintiff has not alleged that the Corporation has the power to hire, fire, set pay or schedules, or otherwise exercise control over plaintiff's working conditions. However, whether or not separate corporate entities are considered a single employer is not determined by "application of any single criterion, but rather the entire relationship is to be reviewed in its totality." 29 C.F.R. § 825.104(c)(2). Here, plaintiff has alleged enough factual material to make this determination "plausible on its face." *Iqbal*, 556

U.S. at 678. The amendment is not futile. This order need not reach plaintiff's alterative argument that the Corporation is his joint employer.

### 2. UNDUE PREJUDICE AND PREVIOUS EFFORTS TO AMEND.

The Corporation next argues that granting plaintiff leave to amend would be unduly prejudicial because this action is "really a dispute between Plaintiff and the City over City personnel decisions about which [the Corporation] had no impact or control" (Dkt. No. 47 at 22). This is an argument regarding the merits of the case, not leave to amend. The Corporation will have full opportunity to conduct discovery and move for summary judgment on the issue of whether or not the Corporation and the Fine Arts Museums are an integrated enterprise.

The Corporation's argument that plaintiff has repeatedly failed to cure deficiencies in pleading is equally unconvincing. Plaintiff amended the complaint once as of right. An order dismissed that complaint and allowed plaintiff the opportunity to seek leave to amend. Because plaintiff has corrected the deficiencies identified in the dismissal order, his request for leave to amend is reasonable.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend is **GRANTED**. Plaintiff shall file the second amended complaint attached to his motion as a separate docket entry by **MAY 28**.

**IT IS SO ORDERED.**

Dated: May 23, 2018

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE